UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE LEVY GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LAND, AIR, SEA AND RAIL LOGISTICS, LLC,<br><br>Defendant. | Civil Action No. 20-3839 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Defendant Land, Air, Sea and Rail Logistics, LLC's ("Defendant") Motion for Reconsideration of the Court's September 14, 2022, Order (the "September Order") (Sept. Order, ECF No. 18). (ECF No. 19.) Plaintiff The Levy Group, Inc., ("Plaintiff") opposed (ECF No. 29), and Defendant replied (ECF No. 30).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court denies Defendant's Motion.

Defendant's Motion for Reconsideration zeroes in on the September Order, which implemented the April 13, 2022, Judgment of the Court of Appeals for the Third Circuit (ECF No. 16), reinstated Plaintiff's Complaint (ECF No. 1), and taxed costs against Defendant for the costs of the appeal to the Third Circuit. (*See generally* Sept. Order.)

Reconsideration under Local Civil Rule 7.1 is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)

---

[1] Plaintiff asks the Court to strike Defendant's reply brief, as Plaintiff contends it was "filed in contravention of Local Rule 7.1(d)(3), which provides that no reply papers shall be filed, unless permitted by the Court, relating to motions for reconsideration under Local Rule 7.1(i)." (ECF No. 31.) The Court agrees that the reply brief is procedurally improper, and, the Court, accordingly, declines to consider it.

(citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes that the Court overlooked when rendering its decision. *See* L. Civ. R. 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of three factors: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court made its original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino, Inc.*, 830 F.Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

Defendant contends that the September Order includes a clear error of law that must be corrected to prevent manifest injustice. (Def.'s Moving Br. 4, ECF No. 19-2.) Specifically, Defendant avers that the September Order fails to properly comply with Federal Rule of Appellate Procedure 39(a)(3), as Plaintiff failed to timely file an itemized and verified bill of costs in accordance with this rule, and Defendant has been denied the opportunity to dispute the costs. (*Id.* at 4-5.) In a somewhat repetitive argument, Defendant further contends that reinstating the matter

at "this late date" will result in manifest injustice because Plaintiff delayed submission of the proposed order contrary to the intentions manifested in Federal Rule of Appellate Procedure 39(a)(3) and Local Civil Rule 79.4. (*Id.* at 5.)

The Court need not traverse the thicket of Defendant's argument, however, because Defendant's alleged basis for reconsideration was not raised previously in this action and, therefore, Defendant's mechanism for relief—a motion for reconsideration—is inappropriate. "As a matter of logic, [a court] cannot reconsider an issue not previously raised by the parties, and consequently not considered by the [c]ourt in the first instance." *Zitter v. Petruccelli*, No. 15-6488, 2017 WL 1837850, at \*3 (D.N.J. May 8, 2017) (citing *Shanahan v. Diocese of Camden*, No. 12-2898, 2014 WL 1217859, at \*2 (D.N.J. Mar. 21, 2014)); *see also Resorts Int'l*, 830 F. Supp. at 831 n.4 ("[T]his [motion for reconsideration] is the first time the [movant] has ever requested this court to dismiss the action. It goes without saying that [the Court] cannot grant, on a motion for reconsideration, a request which has never before been made.").

The Court's decision would be the same even taking into consideration the merits of Defendant's arguments. The Judgment of the Third Circuit instructed the Court that "[c]osts shall be taxed against [Defendant]." (ECF No. 16.) Federal Rule of Appellate Procedure 39(d)(1) provides, in relevant part: "A party who wants costs taxed must—within 14 days after entry of judgment—file with the circuit clerk and serve an itemized and verified bill of costs." Fed. R. App. P. 39(d)(1). Further, objections to costs must generally be filed within 14 days after service of the bill of costs. *Id.* 39(d)(2). Local Civil Rule 79.4, which addresses orders implementing the judgment of an appellate court, provides that where, as here, a "judgment provides for costs or directs a disposition other than an affirmance, the prevailing party shall submit an order implementing the mandate or judgment." L. Civ. R. 79.4. Under Local Civil Rule 79.4, Plaintiff,

the prevailing party, submitted a proposed order implementing the Judgment of the Third Circuit to this Court for its review. (ECF No. 17.) The Court, accordingly, entered the September Order, which reflects the instructions of the Third Circuit and the local rule. (Sept. Order.) Defendant fails to point to any case law supporting its position that the Third Circuit's adjudgment of costs in favor of Plaintiff is equivalent to a request for costs under Federal Rule of Appellate Procedure 39(d)(1) and that thus, for example, Plaintiff's proposed order was impermissibly untimely as a matter of procedure. And apart from its reliance on the aforementioned rules, Defendant does not rely on any change in law or fact or point to any factual matters that were overlooked by this Court that would demonstrate manifest injustice at this time.

Because Defendant has not shown a clear error of law or fact or manifest injustice, the Court denies Defendant's Motion for Reconsideration.

IT IS THEREFORE, on this 25ᵗʰ day of January 2023, ORDERED as follows:

1.      Defendant's Motion for Reconsideration (ECF No. 19) is DENIED.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE